IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JACOB BARRERAS, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-00303 |
| TEXAS DEPARTMENT OF INSURANCE, | § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendant*. | § § | |

## ORDER GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS AND DENYING AS MOOT DEFENDANT'S ORIGINAL MOTION TO DISMISS

Before the Court is Defendant Texas Department of Insurance ("TDI")'s Amended Motion to Dismiss. [Dkt. 32]. For the following reasons, the Court **GRANTS** the Motion.

Also before the Court is TDI's Original Motion to Dismiss. [Dkt. 26]. The Court **DENIES AS MOOT** this Motion.

### I. BACKGROUND

On September 11, 2024, Plaintiff Jacob Barreras, appearing *pro se*, filed the present lawsuit against Defendant for failure to accommodate his disabilities. [Dkt. 7]. He alleges that "[o]n multiple occasions," he requested accommodations from TDI but that despite those requests, it "repeatedly denied reasonable accommodations, which significantly impaired [his] ability to access essential services and caused substantial harm." *Id.* at ¶¶ 9–10. As a result, Barreras filed this lawsuit seeking declaratory, injunctive, and monetary relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq. Id.* at ¶ 1.

This case was originally assigned to Judge Leon Schydlower but later transferred to Judge Michael J. Truncale, who sits in the Beaumont Division in the Eastern District of Texas. [Dkts. 2–

3]. Judge Schydlower issued an order of recusal because, in naming the U.S. District Court for the Western District of Texas in a separate case, all judges in the Western District were disqualified. [Dkt. 2]; *see also Barreras v. U.S. Dist. Ct. for the W. Dist. of Tex., El Paso Div.*, No. 3:24-cv-295 (W.D. Tex. Aug. 23, 2024).[1] On October 22, 2024, TDI filed its original motion to dismiss. [Dkt. 26]. It was marked as deficient because the certificate of service did not indicate how Barreras was served. *See id.* at 8. Because Barreras is a *pro se* filer, he cannot receive electronic service through the Court's CM/ECF system, meaning TDI needed to certify that it mailed its motion to Barreras. After receiving the deficiency notice, on January 17, 2025, TDI filed its amended motion to dismiss arguing that the Court should dismiss Barreras's complaint for lack of subject matter jurisdiction and failure to state a plausible claim for relief. [Dkt. 32]. As of the date of this Order, Barreras has not filed a response.

## II. DISCUSSION

Under the Western District of Texas's Local Rule CV-7(d)(2), a party's response to a motion to dismiss must be filed "not later than [fourteen] days after the filing of the motion." W.D. Tex. Civ. R. 7(d)(2). The rule also states that if a party fails to respond within that time period, "the court may grant the motion as unopposed." *Id.* Fifth Circuit precedent has clearly established that "a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dis.*, 63 F.4th 996, 1010 (5th Cir. 2023) (collecting cases); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)

---

[1] Barreras has filed a total of *fifteen* lawsuits that have been transferred to this Court where he alleges similar violations of the ADA and/or Rehabilitation Act against various individuals and entities. *See Barreras v. U.S. Dist. Ct. for the W. Dist. of Tex.*, No. 3:24-cv-295; *Barreras v. Gonzalez*, No. 3:24-cv-296; *Barreras v. Manning*, No. 3:24-cv-297; *Barreras v. Rivas*, No. 3:24-cv-299; *Barreras v. Cent. Violations Bureau*, No. 3:24-cv-300; *Barreras v. O'Malley*, No. 3:24-cv-301; *Barreras v. State Bar of Tex.*, No. 3:24-cv-302; *Barreras v. Tex. Dep't of Ins.*, 3:24-cv-303; *Barreras v. Tex. Workforce Comm'n*, 3:24-cv-304; *Barreras v. Phoenix Mgmt. Sols.*, No. 3:24-cv-309; *Barreras v. AT&T*, No. 3:24-cv-335; *Barreras v. Progressive Ins. Co.*, No. 3:24-cv-336; *Barreras v. Delgado Acosta Spencer Linebarger & Perez LLC*, No. 3:24-cv-337; *Barreras v. Molina*, No. 3:24-cv-348; *Barreras v. Baxter Bailey & Assocs.*, No. 3:24-cv-349.

(stating that the plaintiff's "failure to pursue this claim beyond her complaint constituted abandonment").

Here, nearly three months have elapsed since TDI filed the present motion; this is far beyond the deadline prescribed in Local Rule 7(d)(2). In the certificate of service, TDI confirmed that it mailed its motion to Barreras's address listed on CM/ECF. [Dkt. 32 at 8]. Accordingly, the Court assumes that Barreras is in receipt of the motion, but he either (1) does not oppose the motion, *see* W.D. Tex. Civ. R. 7(d)(2), or (2) abandoned his claims against TDI as evidenced by his lack of response. *See McClelland*, 63 F.4th at 1010; *Black*, 461 F.3d at 588 n.1.

Accordingly, the Court grants the motion as unopposed. *See* W.D. Tex. Civ. R. 7(d)(2).

### III.  CONCLUSION

It is therefore **ORDERED** that Defendant's Amended Motion to Dismiss [Dkt. 32] is hereby **GRANTED**.

It is further **ORDERED** that Defendant's Original Motion to Dismiss [Dkt. 26] is **DENIED AS MOOT**.

All causes of action against Defendant are **DISMISSED WITH PREJDUICE**. The Clerk is **INSTRUCTED** to terminate Defendant. This is a **FINAL JUDGMENT**.

**SIGNED this 16th day of April, 2025.**

Michael J. Truncale
United States District Judge